IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MCDONALD, #304010        *
    Plaintiff,
    v.                                *   CIVIL ACTION NO. PJM-06-306

WARDEN                           *
    Defendant.
                                     ***

**MEMORANDUM OPINION**

On February 6, 2006, the Court received a letter from Paul McDonald, who is currently confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland. Affording the correspondence a generous construction, McDonald complains that: (i) this Court improperly dismissed his complaint of excessive force;[1] (ii) corrections personnel at WCI and other prisons are not abiding by institutional rules; and (iii) he is being denied his composition books, which contain information regarding witnesses, incidents, and court, attorney, and family addresses. Paper No. 1. McDonald's letter, construed as a 42 U.S.C. § 1983 civil rights complaint, shall be subject to summary dismissal without prejudice.

First, to the extent that McDonald takes issue with this Court's prior decision and wishes to relitigate his excessive force claims against RCI officers, the doctrines of res judicata and collateral estoppel preclude him from so doing. *See Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979); *Blonder-*

---

[1] On December 27, 2004, McDonald filed a civil rights complaint alleging, in part, that he was assaulted by guards at the Roxbury Correctional Institution ("RCI") on November 6, 2004. *See McDonald v. Sowers, et al.*, Civil Action No. PJM-04-4035 (D. Md.). On June 20, 2005, this Court granted Defendants' Motion for Summary Judgment. The case is currently on appeal before the United States Court of Appeals for the Fourth Circuit.

*Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313 (1971); *Thurston v. United States*, 810 F.2d 438 (4th Cir. 1987).

Insofar as McDonald wishes to raise claims regarding the retention of his property and the failure of correctional personnel to comply with prison rules and regulations, he is free to file a complaint which: (i) names the proper party defendants; (ii) furnishes a particularized statement of facts; (iii) addresses how the named parties violated his constitutional rights; (iv) discusses what, if any, attempts were made to administratively exhaust the claims; and (v) informs this court what injuries he experienced.

Accordingly, a separate Order shall be entered dismissing Plaintiff's assault claim and dismissing his remaining claims without prejudice.

February 7, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE